UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRITTANIE SKAGGS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GORDON FOOD SERVICE INC. doing )<br>business as GORDON FOOD SERVICE, )<br>GORDON FOOD SERVICE USA INC. )<br>doing business as GORDON FOOD )<br>SERVICE, )<br>GORDON FOOD SERVICE LLC doing )<br>business as GORDON FOOD SERVICE, )<br>GORDON FOOD SERVICES INC. doing )<br>business as GORDON FOOD SERVICE, )<br>)<br>Defendants. ) | Case No. 4:15-cv-00118-RLY-DML |

## Report and Recommendation on Plaintiff's Motion to Remand and Defendants' "Motion to Drop Defendants"

Two motions pending before the court present the issue whether two named defendants should be dismissed from this lawsuit:

- A motion to remand filed by the plaintiff, Dkt. 20.

- A motion to drop defendants, Dkt. 30, filed by defendants (1) Gordon Food Service, Inc. d/b/a Gordon Food Service ("Gordon Service Inc.") and (2) Gordon Food Service, LLC d/b/a Gordon Food Service ("Gordon LLC").

The court's resolution of the plaintiff's motion to remand also determines the motion to drop defendants.

The plaintiff did not respond to the motion to drop defendants and Gordon Service Inc. and Gordon LLC ask the court to summarily grant that motion which, they assert, would also resolve the motion to remand. The court finds that the motion to remand should be decided first because it raises the fraudulent joinder issue and its resolution determines whether the court has subject matter jurisdiction in the first place.[1]

As addressed below, the Magistrate Judge recommends that the District Judge DENY the plaintiff's motion to remand and dismiss the two fraudulently joined defendants, GRANT the defendants' motion to drop certain defendants under Rule 21, and DENY AS MOOT the defendants' motion to summarily decide their Rule 21 motion.

## **Background**

Plaintiff Brittanie Skaggs's complaint alleges she tripped and fell over a milk crate that was left in a narrow walkway at the Westminster Retirement Home where Ms. Skaggs was working as a food server. (Dkt. 1-1 at p. 7, ¶¶ 9-11). The accident happened on March 13, 2013. (*Id.* ¶¶ 9-10). Ms. Skaggs alleges the crate was negligently and carelessly placed in the walkway, creating a hazardous condition, by an employee of a beverage machine services company who was repairing a beverage machine at the retirement home that day. (*Id.* ¶¶ 10-11).

---

[1] In essence, the court is deciding the motion to remand and the motion to drop defendants simultaneously—they raise the same issue: Are the two non-diverse defendants fraudulently joined? The court is not, however, "summarily" deciding either one of them but is examining the issue on its merits and based on the evidence before the court.

Ms. Skaggs apparently knew that the beverage company whose employee misplaced the crate did business as Gordon Food Service. To determine the proper company or companies against which to bring suit, Ms. Skaggs's counsel consulted public records available from the Indiana Secretary of State and learned there are several companies with a name similar to Gordon Food Service. (*See* plaintiff's motion to remand, Dkt. 20, ¶ 6). Not knowing which company(ies) was the "Gordon Food Service" whose employee serviced the beverage machine at Westminster Retirement Home on March 13, 2013, Ms. Skaggs named four of them as defendants. But only two of them were served with summonses and the complaint. (*Id.,* ¶ 14). The two she served are the two who have appeared by counsel and who answered the complaint. They are: Gordon Service Inc. and Gordon LLC. They removed the case to this court and invoked the court's diversity jurisdiction, contending that the other two Gordon defendants were fraudulently joined. It is undisputed that Ms. Skaggs is a citizen of Indiana and that Gordon Service Inc. and Gordon LLC are citizens of other states. Ms. Skaggs does not contest she is seeking relief greater than $75,000, exclusive of interest and costs. The court will sometimes refer to Gordon Service Inc. and Gordon LLC together as the "Appearing and Removing Defendants."

The two other named defendants—Gordon Food Services, Inc. (hereafter "Gordon Services [plural]") and Gordon Food Service USA, Inc. (hereafter "Gordon USA")—share citizenship with Ms. Skaggs. If their citizenship is considered, the court does not have subject matter jurisdiction.

Ms. Skaggs moves to remand on the ground the court lacks diversity jurisdiction. The Appearing and Removing Defendants contend that Gordon Services [plural] and Gordon USA were fraudulently joined and their citizenship should be disregarded. As explained below, the court agrees with the defendants and recommends that the court DENY the plaintiff's motion to remand and dismiss the two fraudulently joined defendants.

## Analysis

**I. Fraudulent joinder requires a showing that there is no colorable claim against the non-diverse defendants.**

Under 28 U.S.C. § 1441(a), a civil action filed in state court over which a United States district court would have original jurisdiction may be removed by the defendant(s) to a federal district court. Where original jurisdiction is based on diversity under 28 U.S.C. § 1332, the presence of non-diverse defendants prevents removal unless the removing defendants can show that the plaintiff's joinder of the non-diverse defendants is "fraudulent." *Morris v. Nuzzo,* 718 F.3d 660, 666 (7th Cir. 2013); *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 72-73 (7th Cir. 1992); *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.,* 842 F.2d 946, 950 (7th Cir. 1988). Joinder is deemed fraudulent when the claim against the non-diverse defendant is groundless and there is "no chance" the plaintiff could recover against him. *Poulos,* 959 F.2d at 73. As the Seventh Circuit has explained, a diverse defendant may remove a civil action notwithstanding the presence of a non-diverse defendant if "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state [non-diverse] defendant." *Id.* (emphasis in

4

original); *Auto Lube,* 842 F.2d at 950 (The removing party "must show that there is no possibility that plaintiff could establish a cause of action against the resident defendant in state court.")

In such a case, the fraudulently joined defendant is dismissed, and the case may proceed in federal court between the now-diverse parties. *Faucett v. Ingersoll-Rand Mining & Machinery Co.,* 960 F.2d 653, 654 (7th Cir. 1992) (district court "has the authority to dismiss parties who have been fraudulently joined"); *Morris v. Nuzzo,* 718 F.3d 660, 666 (7th Cir. 2013) (internal quotation and citation omitted) ("district court considering removal may disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.")

Here, there is *no* possibility whatsoever Ms. Skaggs could establish a cause of action against Gordon Services [plural] or against Gordon USA because there is *no* possibility whatsoever these companies employed the beverage worker at the retirement home in 2013 or had anything to do with the misplaced milk crate. First, the Appearing and Removing Defendants established that the Gordon Food Service employee working at the retirement home that day was employed by Gordon LLC. *See* response to motion to remand, Dkt. 28, at p. 1. Second, the other two defendants did not even exist as of March 2013 when Ms. Skaggs was injured. As the Appearing and Removing Defendants pointed out in their notice of removal and in their motion to drop defendants (to which the plaintiff did not respond) and as the court confirmed with its own search of the Indiana Secretary of State's on-

line records, Gordon Services [plural] was incorporated in Indiana on February 23, 2015 (about two years after Ms. Skaggs's injury) and Gordon USA was incorporated on February 19, 2015 (similarly, about two years after the injury). (*See* defendants' motion to drop defendants, Dkt. 30; and certificates of incorporation issued by the Indiana Secretary of State, at pp. 4 and 7 of Dkt. 1-2). Because the companies did not even exist when Ms. Skaggs was injured, the companies could not possibly have had anything to do with her injuries, and she could not possibly have a cause of action against them. They were therefore fraudulently joined and the court can disregard their citizenship.

Ms. Skaggs's assertion that she did not act with fraudulent intent in naming the non-diverse defendants (Gordon Services [plural] and Gordon USA) is of no moment. Though the doctrine includes the word "fraudulent," it is not necessary to find the plaintiff named the non-diverse defendants illegitimately to avoid jurisdiction by the federal courts. As explained by the Seventh Circuit in *Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011), "Like many legal doctrines, 'fraudulent joinder' is misnamed, since, as the cases . . .point out, proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction—all that's required is proof that the claim against the nondiverse defendant is utterly groundless. . . ." *Id.* at 999.

With the dismissal of Gordon Services [plural] and Gordon USA, the court's diversity jurisdiction is secured, and therefore the plaintiff's motion to remand based on lack of diversity jurisdiction should be DENIED.

**II.     Denial of the remand motion resolves the motion to drop defendants.**

Denial of the motion to remand and dismissal of the fraudulently joined defendants resolves the defendants' later motion to drop defendants under Rule 21 and resolves their motion for the court to summarily rule on the Rule 21 motion. The motion to drop defendants should be GRANTED and the motion to summarily rule should be DENIED AS MOOT.

## Conclusion

Based on the foregoing, the Magistrate Judge recommends that the District Judge:

1. DENY the plaintiff's motion to remand (Dkt. 20);
2. DISMISS defendants (a) Gordon Food Services, Inc. and (b) Gordon Food Service USA, Inc.;
3. GRANT the motion to drop defendants under Rule 21 (Dkt. 30); and
4. DENY AS MOOT the motion for summary ruling on Rule 21 motion (Dkt. 32).

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure. The parties

should not anticipate extensions of this deadline or any other related briefing deadline.

    IT IS SO RECOMMENDED.

Dated:  March 23, 2016

                                        Debra McVicker Lynch
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system